**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLTON E. HOOKER, JR.,

      Plaintiff,

v.                              CASE NO. 8:20-cv-1248-T-02CPT

OFFICE OF PERSONNEL MANAGEMENT
and DEPARTMENT OF VETERANS
AFFAIRS,

      Defendants.
_____/

## <u>ORDER ON RECUSAL</u>

Before the Court is Plaintiff's motion to recuse (Dkt. 36). For the following reasons, the motion is denied.

Title 28 U.S.C. § 455(a) and (b)(1) requires recusal when the judge's "impartiality might reasonably be questioned" or when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. Plaintiff has not alleged any facts giving rise to a reasonable questioning of the Court's impartiality, bias in favor of Defendants, or the Court's personal knowledge of disputed evidentiary facts.

Plaintiff asserts impartiality and "personal favoritism towards Counsel for Defendant" based on an adverse ruling, specifically the grant of Defendants'

motion for extension of time to respond to his motion for summary judgment.  Dkt. 36 at 2 and ¶¶ 8, 10, 11; Dkt. 35.  "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  *United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)).[1]

As a general matter, the Court routinely grants motions for extension of time to file a response after conferral as required by Local Rule 3.01(g), M.D. Fla. Defendants' counsel certified that Plaintiff had not responded to several attempts to obtain consent.  Dkt. 34 at 3.  Plaintiff admits he refused to agree to the extension upon conferral with Defendants' counsel.  Dkt. 36-1 at 3.[2]

Even if the parties disagree after conferral, the Court must exercise its discretion to decide the matter.  Although Local Rule 3.01(b) permits fourteen days to respond to a motion, it does not create a right to respond.  The Court need not wait for a response and may rule on a motion without a response, particularly if a response is unnecessary to the resolution of the motion.  Perhaps most notably, the present pandemic's effect on the conduct of business lends great support to permitting extensions of time.

---

[1] Plaintiff's claim that the Court is a witness to fraud by performing its duty of deciding this case, is meritless.

[2] "I will now oppose in accordance with Local Rule 3.01(b) and I demand that you certify it in accordance with Local Rule 3.01(g), and I should have 14 days to respond to your frivolous motion that I haven't received yet."  Dkt. 36-1 at 3.

Another matter presents itself in the motion.  Plaintiff attempts to force this Court to prove a lack of impartiality by providing a specific ruling, which in this case is requiring Defendants to respond to the summary judgment motion before he responds to their motion to dismiss.  This is not a proper way to address any court by demanding a particular ruling to avoid recusal.  A recusal cannot be conditioned upon a judge ruling in the movant's favor in the future.[3]  The motion for recusal (Dkt. 36) is denied.

**DONE AND ORDERED** at Tampa, Florida, on October 7, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*
Counsel of Record

---

[3] It would be highly unusual for a dispositive motion to dismiss to be ruled on after a motion for summary judgment.

3