# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLTON EUGENE HOOKER, JR.,

    Plaintiff,

v.                                                                CASE NO. 8:20-cv-1248-WFJ-CPT

OFFICE OF PERSONNEL
MANAGEMENT and DEPARTMENT
OF VETERAN AFFAIRS,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Freedom of Information Act Complaint (Dkt. 30), and Plaintiff's response (Dkt. 42). After careful consideration of the allegations of the amended complaint (Dkt. 21), the submissions of the parties, and the applicable law, the Court grants the motion.

## BACKGROUND

Plaintiff's initial four-count complaint seeking relief under the Freedom of Information Act ("FOIA") was dismissed with leave to amend. Dkt. 19. Plaintiff's amended complaint contains thirteen counts against two new Defendants: the Office of Personnel Management ("OPM") and the Department of Veteran Affairs ("VA"). Dkt. 21. The allegations are difficult to follow and

comprehend without the benefit of Defendants' papers and review of docket entries in other numerous cases filed by Plaintiff in the Middle District.  (Mr. Hooker has filed about thirty lawsuits in this division.)  This task is tedious and is not required of the Court, even in view of the liberal construction and leeway given to pleadings prepared by *pro se* litigants.  Plaintiff is quite familiar with seeking redress in the courts, as well as the process of requesting and appealing agency records pursuant to FOIA.

All the events leading up to this action will not be repeated here.[1]  The Defendants correctly assert that the amended complaint pertains mostly to FOIA requests different from the ones alleged in the initial complaint.  Thus, the amended complaint will be evaluated in two parts: the three counts repleading the records requests related to the "fake" police officer positions of April 2017, and the ten counts pertaining to unrelated records requests made both before and after April 2017.  The *Twombly-Iqbal* standard will be applied and all reasonable inferences from the allegations will be drawn in favor of the Plaintiff.[2]

## ALLEGATIONS OF THE AMENDED COMPLAINT

### *Counts 1 (#one), 11, and 12*[3]

---

[1] The order at docket 19 explains the history in sufficient detail.
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[3] The amended complaint contains two separate count ones. The first count one is referred to as Count 1 (#one), and the second as Count 1 (#two).

<u>"Count 1 [#one]: Court Ordered Instruction to Sue OPM for Failure to Comply when it was VA"</u>

Plaintiff alleges in the first count that the Court erred when it dismissed the initial complaint. An argument is not factual in nature and does not belong in a complaint. Also not a proper factual allegation is Plaintiff's expressed desire for OPM to confirm that its May 11, 2020 appeal decision is deemed a grant, instead of a denial. Dkt. 21 at 4 ¶ 4. Also in this count, Plaintiff takes issue with the Court's characterization of the May 11 OPM decision as a denial. This is not relevant to stating a claim under FOIA. What is relevant to FOIA is that OPM confirmed there were no records responsive to the subject request. Dkt. 11-4. This count is dismissed with prejudice.

<u>"Count 11: VA's Failure to Comply with FOIA Request No. 20-01289-F"</u>

This count realleges that the production of the two "fraudulent" documents by the Chief Human Capital Officer of the VA "should have [been] a No Records Response from the VA." Dkt. 21 at 18–19 ¶ 46. Plaintiff does not describe any documents that should have been produced. Plaintiff does not allege an agency has improperly withheld agency records and therefore does not state a claim for relief under FOIA. *See U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989), cited at Dkt. 19 at 8. Count 11 is dismissed with prejudice.

<u>"Count 12: Judicial Error on Motion to Dismiss – Count III against the VA Appeal No. 142565"</u>

3

Count 12 contains no new factual allegations. Plaintiff alleges, again, constructive exhaustion. He asserts that as of the date he filed this action on June 1, 2020, the VA had not decided his appeal filed January 16, 2020, which was beyond the twenty days statutorily allowed. *See* 5 U.S.C. § 552(a)(6)(C); *Lopez v. United States*, No. 5:18-cv-263-Oc-34PRL, 2020 WL 1492804, at *9 (M.D. Fla. Mar. 27, 2020) (comparing constructive and actual exhaustion, citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 64–65 (D.C. Cir. 1990)), *appeal dismissed*, No. 20-12738 2020 WL 8259548 (11th Cir. Nov. 23, 2020), cited at Dkt. 19 at 15. "A party is deemed to have constructively exhausted all administrative remedies 'if the agency fails to comply with the applicable time limit provisions of this paragraph.'" *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994) (quoting the statute), cited at Dkt. 19 at 15. Constructive exhaustion permits the filing of a FOIA claim in district court.

Plaintiff admitted in his response to the first motion to dismiss that after the filing of this action, the VA decided his appeal with a "no records response." Dkt. 14 at 7. "If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information is sought." *Von Grabe v. U.S. Dep't of Homeland Sec.*, 440 F. App'x 687, 688 (11th Cir. 2011) (affirming district court's dismissal of FOIA claim as moot where agency provided all requested documents and citing *Lovell v.*

4

*Alderete*, 630 F.2d 428, 430–31 (5th Cir. 1980) and *Chilivis v. S.E.C.*, 673 F.2d 1205, 1209–10 (11th Cir. 1982)).[4]  Here, Plaintiff does not allege certain documents existed that should be produced; rather, he seeks a confirmation that no documents were found---a "no records" response---which the VA provided soon after this case was filed.  Count 12 is moot.

### *Counts 1 (#two) through 10*

The remaining ten counts are directed to a FOIA request campaign dating back to 2016, which predates the FOIA requests at issue in the initial complaint about the April 2017 posting of the "fake" police officer positions.  The 2016 FOIA requests seek information about yet another lawsuit that was filed in the Middle District of Florida after this FOIA action was filed.  *See Hooker v. Karen Lynn Mulcahy*, No. 8:20-cv-1799-T-36JSS.  In that suit, Plaintiff sued Ms. Mulcahy both individually and in her official capacity as an attorney working in the general or regional counsel's office of the VA in the Bay Pines VA Healthcare System.  That case is not before this Court and is not a FOIA action.

Before addressing the allegations, the Court notes that Plaintiff is not permitted to add new FOIA requests to an existing action without first seeking

---

[4] *See also Payne v. U.S. Dep't of Veterans Affs.*, 753 F. App'x 843, 845 (11th Cir. 2018) (affirming FOIA claim moot, citing *Lovell*, 630 F.2d at 430–31); *Brown v. U.S. Dep't of Justice*, 169 F. App'x 537, 540 (11th Cir. 2006) (affirming FOIA claim moot where agency released information); *Freedom Watch, Inc. v. U.S. Dep't of State*, No. 5:13-cv-419-Oc-22PRL, 2014 WL 12785162 (M.D. Fla. July 2, 2014) (dismissing FOIA action for lack of subject-matter jurisdiction as moot where agency provided a "no records" response).

5

leave to amend his complaint. The order dismissing the initial complaint with leave to amend does not grant leave to add totally new claims. To the extent leave should be freely given under Fed. R. Civ. P. 15(a), the allegations will be considered under the *Twombly-Iqbal* standard. No future amendments in this lawsuit may add FOIA requests not already cited in the amended complaint.

Count 1 (#two) alleges the VA improperly withheld a "VA Police Investigative Report . . . and some sort of incident that took place at the St. Petersburg Regional Office on the date of (February 17, 2016)." Dkt. 21 at 6 ¶ 1. In response to Plaintiff's February 22, 2016 request for documents, the agency produced two pages of the requested police report. *Id*. at 6 ¶¶ 2–3. Plaintiff further alleges he appealed because the agency "gave me a copy of the police report that was created by Assistant Chief, Lionel Barela on March 7, 2016," as opposed to "on or before February 22, 2016" as stated in the agency letter of production. *Id*. at 6 ¶¶ 4–5. Although Plaintiff has not attached the March 8, 2016 produced materials to the amended complaint, this count fails to state a claim for relief because the agency's response as alleged states the two documents produced were "gathered or created by the BPVAHCS on or before February 22, 2016." *Id*. at 6 ¶ 3. Once again, Plaintiff's reference to the two dates is confusing, and he has not identified a police report that was withheld.

6

Count 2 mirrors Count 1 (#two) but applies to a request made by Plaintiff on March 11, 2016. He requests "the original VA Police Investigative Report . . .which would have been printed out on February 18, 2016 and signed by Investigating Officer, Robert Volpe." Dkt. 21 at 7 ¶ 6. This request was assigned a new number by the agency, and the agency produced on March 25, 2016, two documents responsive to the request for documents "gathered or created by the BPVAHCS on or before March 11, 2016." *Id*. at 7 ¶ 7. Plaintiff admits the agency produced "a copy of the police report that was created and signed by VA police officer, Robert Volpe on March 25, 2016." *Id*. at 7 ¶ 8. This count fails to state a claim for relief because Plaintiff received a copy of the report signed by Officer Volpe and he fails to identify any records withheld by the agency.

Count 3 refers to the same VA police investigative report of February 2016. Plaintiff alleges on November 5, 2019, he made a FOIA request to "VISN 8 Compliance Officer, Charles Barron" to copy a "version history" and a "workflow history" of the 2016 report. Plaintiff alleges that Officer Barron sent him "14 pages in response to [his FOIA request for a copy of the same 2016 investigative report] Release Date 5/24/2016 at 1:02 PM." *Id*. at 7 ¶ 11. This count fails to state a claim for relief because there is no record identified as withheld by the agency.

7

Count 4 alleges a decision on the appeal of the request in Count 3 is overdue.  This count relies on Count 3, which is dismissed for failure to state a claim for relief, and as such Count 4 is dismissed.

Count 5 alleges that on December 10, 2019, Plaintiff made another FOIA request to Officer Barron.  Plaintiff alleges that the two-page production to this request is incomplete because Officer Barron withheld the documents referenced "in that email."  Dkt. 21 at 10 ¶ 19.  In Count 6, Plaintiff alleges his appeal on the December 2019 request has not yet been decided and is overdue.  Plaintiff may replead these counts to allege whether each of the seven listed documents were actual attachments to, or simply referenced in, the email produced and should note the status of the appeal.

Count 7 seeks redress of a "no records" response to a January 13, 2020, FOIA request.  Plaintiff alleges the unredacted copy of a 2014 VA police report is in possession of the VA "in the Report Exec system . . . in accordance with the VA Handbook 0730."  Dkt. 21 at 12 ¶ 26.  He alleges in this count and Count 8 that he filed an appeal that is yet undecided.  Plaintiff may reassert these counts in an amended complaint and note the status of the appeal.

Count 9 refers to a VA FOIA request made February 13, 2017, for documents supporting "the Request for Assignment to a No Engagement Status on October 4, 2016" and lists six documents.  The six documents, however, are not all

records maintained by the VA; for example, copies of court orders and advisories from the U.S. Marshal's office are not records of the VA. Some of the documents listed are described as showing "Attorney Karen Mulcahy lied." Plaintiff is reminded that he may not use FOIA to obtain evidence for his lawsuit against Ms. Mulcahy. *See* Dkt. 19 at 13, citing *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). This count is also confusing because Plaintiff seems to know where the 22 pages he seeks may be found and complains that only 18 pages were produced. Dkt. 21 at 15 ¶¶ 32–33. If Plaintiff chooses to replead this count, he must specify what documents, which were maintained by the VA, were not produced.

Count 10 is nonsensical. It is unclear what documents, if any, were improperly withheld by the VA.

It is therefore **ordered and adjudged** as follows:

1) The motion to dismiss (Dkt. 30) is granted. Counts 1 (#one) and 11 are dismissed with prejudice. Count 12 is moot and dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff may not replead these three counts.

2) Counts 1 (#two) through 10 are dismissed. Should Plaintiff attempt to replead these counts, he must file an amended complaint consistent with this order within fourteen (14) days. If an amended complaint is not

9

timely filed, this case will be closed within fifteen (15) days. In any amended complaint filed, Plaintiff may not add new FOIA requests.

3) The Court denies as moot Plaintiff's motion for partial and full summary judgment (Dkt. 29). The motion is directed to the FOIA requests involving the police officer position of April 2017, which were alleged in three counts. This order dismisses those three counts without leave to amend.

4) Plaintiff's motion for declaratory relief (Dkt. 47) is denied in this FOIA action.

**DONE AND ORDERED** at Tampa, Florida, on February 3, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record and unrepresented parties